(45 Misc. 400)

## RICE v. HOGAN.

### (Supreme Court, Appellate Term. November 10, 1904.)

1. OPENING STREETS—WATER SUPPLY—INTERFERENCE—TRESPASS.

Where defendant, a plumber, opened the street in front of a dwelling house to repair Croton water pipes under a permit from the municipal authorities, and he confined his excavation to the part of the street specified in the permit, the fact that by negligence the water supply to the premises of plaintiff, an adjoining owner, was cut off, did not authorize a recovery of damages in an action of trespass, since whatever act was done by defendant was with reference to the property of the city.

2. SAME—MUNICIPAL COURT—COSTS.

Where, in a suit in the Municipal Court, defendant did not file a written notice of appearance by counsel, nor any verified pleading, which, by Municipal Court Act, § 332 (Laws 1902, p. 1585, c. 580), is made an absolute condition to defendant's right to costs, it was error for the court to award costs to defendant on judgment being entered in his favor.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Rosa Rice against James F. Hogan. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Modified.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

J. Wilson Bryant, for appellant.
Frederick H. Denman, for respondent.

BISCHOFF, J. As appears from the return the action was brought for "damages and conversion," and it developed upon the trial that the

claim was substantially for the defendant's negligence in cutting off the water supply from the premises owned by the plaintiff, No. 717 East 163d street, when engaged as a plumber in seeking to repair a defect in the tap connecting the premises No. 725 East 163d street with the Croton water main in the street. When opening the street the defendant confined himself to the terms of the permit issued by the municipal authorities, whereby he was authorized to make an excavation opposite No. 725 East 163d street, and the action therefore depends upon whether or not he was negligent when lawfully performing certain work in and about the public street. This was not a case of trespass, at least as against the defendant. Whatever was done by the defendant had to do with the city's property in the public street, and the interference with the water supply affected the corporate enterprise of the city in maintaining its water system. The Croton water mains cannot be likened to a natural water course, to the undisturbed use of which the plaintiff had a natural right, and at best her claim against the defendant was because of his failure to use reasonable care that she should not be injured by his operations in connection with the city's property. So far as appears, the damages which the plaintiff sustained were measured by an expense voluntarily assumed by her for her own more immediate convenience to meet a condition caused by the defendant's failure of duty toward the city; and while at the trial the cause of action was characterized as one for a trespass, the most favorable view of the case for the plaintiff would be that the liability arose through the defendant's breach of duty to use ordinary care for her protection, since trespass could not lie. Upon the question of the exercise of care the evidence authorized the conclusion of the justice that the defendant exercised all the prudence which a reasonably prudent person would have employed under the circumstances of the case, in view of the fact that the water tap leading to the plaintiff's premises was placed opposite the premises No. 725 by reason of certain changes in the grading of the street as to which the defendant had no reasonable means of knowledge. Assuming, therefore, that the plaintiff could charge him with the expense which she defrayed, if the immediate necessity for the expense was caused by the defendant's negligence in such a situation, it was competent to the justice to decide that fact that the defendant omitted no duty of reasonable care to her, and the resulting judgment should not be disturbed.

The plaintiff assails the award of costs to the defendant upon the ground that there was no filing of a written notice of appearance by counsel on behalf of the defendant, as required by section 332 of the Municipal Court Act (Laws 1902, p. 1585, c. 580). In our opinion, this contention is sound. There was no verified pleading on behalf of the defendant, and the appearance by attorney is evidenced only by the indorsement made by the justice upon the summons. The filing of a verified pleading or of a written notice of appearance by an attorney at law in behalf of the successful party is made an absolute condition to his right to costs in the Municipal Court (Municipal Court Act, § 332, Laws 1902, p. 1585, c. 580); and, since the statute requires that the return should contain all the proceedings in the cause (Id. § 317, Laws 1902, p. 1580, c. 580), we must assume, from the absence of a written

notice of appearance in the return, that none was filed. Hence the award of costs to the defendant was unauthorized, and the judgment must be modified accordingly.

Judgment modified by striking out the provision for costs to the defendant, and, as modified, affirmed, without costs to either party. All concur.