(70 Misc. Rep. 546.)

## ROSENBERG v. OUSSANI.

(Supreme Court, Appellate Term. February 9, 1911.)

1. COSTS (§ 32*)—WHO ENTITLED—PREVAILING PARTY.

Under Municipal Court Act (Laws 1902, c. 580) § 332, a successful plaintiff is not entitled to costs, where he filed no verified complaint and did not appear by attorney.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 32.*]

2. COSTS (§ 164*)—ADDITIONAL COSTS—WHO ENTITLED.

Municipal Court Act (Laws 1902, c. 580) § 340, providing that one suing for a female employé's wages, if entitled to costs, shall recover additional costs, gives such costs only where plaintiff is entitled to an allowance under express provisions, as distinguished from the fees and disbursements recoverable under section 330.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 620–636; Dec. Dig. § 164.*]

3. COSTS (§ 164*)—ADDITIONAL COSTS—WHO ENTITLED.

Under Municipal Court Act (Laws 1902, c. 580) § 340, providing that one suing for a female employé's wages, if entitled to costs, shall recover additional costs, one suing for wages earned, but recovering for wrongful discharge, is not entitled to additional costs.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 620–636; Dec. Dig. § 164.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Eleanor Rosenberg against Joseph Oussani. Judgment for plaintiff, and defendant appeals. Modified and affirmed.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Katz & Sommerich (Charles Trosk, of counsel), for appellant.
Shapiro & Levy, for respondent.

LEHMAN, J. The judgment must be modified, by striking out the provision for $10.25 costs. The plaintiff has filed no verified complaint, and has not appeared in the action by attorney. Under such circumstances she was not entitled to costs under section 332 of the Municipal Court act (Laws 1902, c. 580). Rice v. Hogan, 45 Misc. Rep. 400, 90 N. Y. Supp. 395. Nevertheless the trial justice has allowed her 25 cents fees and $10 extra costs.

The respondent claims that these additional costs are authorized by section 340, irrespective of her right to costs under section 332 of the act. I cannot concur in this view. Section 340 provides:

"In an action brought to recover a sum of money for wages earned by a female employé * * * the plaintiff, if entitled to costs, recovers the sum of ten dollars as costs in addition to the costs allowed in this court. * * *"

I believe that the section clearly intends to give these costs only in cases where the plaintiff is entitled to an allowance of costs under the express provisions of the law, as distinguished from the fees and disbursements which she might recover by virtue of section 330 of the act, and that the same limitations are intended to apply to section 340 as to section 332. Section 340 differs from section 339 in these features: It provides specifically for the allowance of additional costs only "if [the plaintiff is] entitled to costs," and these extra costs are

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"in addition to the costs allowed in this court," instead of "in addition to the other costs therein." Unless we give section 340 the construction which I have adopted, we fail to give these differences any effect or significance.

If, however, I am wrong in this construction, the costs must still be stricken from the judgment. Section 340 allows these costs in an action brought for "wages earned." While this action was brought for wages earned, it is conceded by the respondent that she failed to show such a cause of action, but asks us to sustain the judgment upon the proof of a breach of contract by wrongful discharge. Even if we concede that such an affirmance is under the circumstances disclosed "according to the justice of the case" (Municipal Court Act, § 326), we must still first regard the pleadings as amended to conform to the proof. In that event the action is to be considered as brought for breach of contract, and in such an action no additional costs may be allowed under section 340.

The judgment should be modified, by striking out the provision for costs, and, as modified, affirmed, without costs. All concur.